UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VIRGINIA GARCIA KERN AND LANCE KERN | CIVIL ACTION NO. 6:15-CV-02038 |
| VERSUS | JUDGE HAIK |
| SENTRY SELECT INSURANCE COMPANY, TRITEX FREIGHTERS, LLC, AND AUDREY RUSSELL COX | MAGISTRATE JUDGE HANNA |

## **AMENDED REMAND ORDER**

Currently pending before the Court is the parties' joint motion to remand (Rec. Doc. 14). For the following reasons, the motion is granted.

### **Background**

This lawsuit arises out of a motor vehicle accident that occurred on I-10 in St. Martin Parish, Louisiana, on or about July 26, 2014. Plaintiff Virginia Garcia Kern was a passenger in a vehicle involved in that accident, and she and her husband brought this lawsuit, seeking compensation for their alleged damages. The suit was originally filed in June 2015 in the 16th Judicial District Court, St. Martin Parish, Louisiana. (Rec. Doc. 1-6). The defendants named in the original petition removed the action to this forum, alleging that this Court has jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional

threshold. (Rec. Doc. 1). The plaintiffs then filed their first amended complaint, seeking to add a number of additional defendants, including Trish Landry James and James Wilfred Bourgeois, both of whom were alleged in the amended petition to be Louisiana citizens. (Rec. Doc. 12 at 1-2). In the amended complaint, the plaintiffs stated that "[t]he First Amended Complaint adds non-diverse defendants requiring the Court to remand the suit due to the lack of complete diversity." (Rec. Doc. 12 at 1). A few days later, the parties filed the instant joint motion to remand.

## Law and Analysis

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[1] Accordingly, this Court has discretion to grant or deny an amendment of a complaint when subject matter jurisdiction is based on diversity and the plaintiff seeks to amend the complaint by adding a non-diverse defendant. However, Fed. R. Civ. P. 15(a) allows a plaintiff to amend its complaint once, before a responsive pleading has been served, without leave of court. No responsive pleading had been filed in this matter at the time of the amendment, and the plaintiff consequently was not required to seek leave of court before filing the first amended complaint.

---

[1] 28 U.S.C. § 1447(e).

Several courts have held, however, as has the undersigned, that when an amendment destroys diversity, leave of court is required even though the amendment is filed prior to the filing of responsive pleadings.[2]  Therefore, when faced with such an amendment, the undersigned would ordinarily "scrutinize that amendment more closely than an ordinary amendment,"[3] considering:  1) whether the purpose of the amendment is to defeat federal jurisdiction; 2) whether plaintiff has been dilatory in asking for the amendment; 3) whether plaintiff will be significantly injured if amendment is not allowed; and 4) any other factor bearing on the equities.[4]

In this case, however, is clear that the addition of the newly-added defendants destroys diversity and divests this Court of subject-matter jurisdiction, no other basis for this Court's jurisdiction has been alleged, and all of the parties to the original petition have jointly moved for remand.  Accordingly,

---

[2]  See, e.g., *Young Scholars Child Dev. Ctr., Inc. v. Colony Ins. Co.*, No. 09-1924, 2010 WL 797848, at *4 (W.D. La. Mar. 1, 2010); *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359 (M.D.La.1997).  See, also, 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil, § 1477 at 562 (2d Ed.1990):

> In assessing the apparent conflict between § 1447(e) and Rule 15(a), courts have held that "[w]hen an amendment will destroy diversity, leave of court is required even though the existing defendant ... ha[s] not yet filed responsive pleadings." In other words, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." Thus, § 1447(e) trumps Rule 15(a).Ascension Enterprises, Inc., 969 F.Supp. at 360.

[3]  *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir.1987).

[4]  *Hensgens v. Deere & Company*, 833 F.2d at 1182.

IT IS ORDERED that this action shall be remanded to the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that this order shall be STAYED for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this order. If an appeal is taken to the District Judge, this action shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk of Court shall remand the action forthwith.

Signed at Lafayette, Louisiana, this 10th day of August 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE